UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Cormier

    v.                                                                  Civil No. 21-cv-123-LM
                                                                           Opinion No. 2022 DNH 002 P

Securitas Security Services, USA, Inc., et al.

**O R D E R**

Michael Cormier individually, in his capacity as executor of the Estate of Catherine Heppner, and as next friend of a minor, J.C., brings this negligence suit against Securitas Security Services and Cadient LLC. The matter is before the court on Cormier's "Notice Regarding Compliance with the Court's November 18, 2021 Order" (doc. no. 27), the provisionally sealed affidavit of Attorney Steve Yoost (doc. no. 28), and Cadient's motion to seal Attorney Yoost's Affidavit (doc. no. 29).

**DISCUSSION**

On November 18, 2021, the court directed Cormier to file an affidavit of jurisdictional facts about the identities and citizenships of all Cadient's members as of the date Cormier filed the action. As noted in that order, the Revised Complaint alleges that Cormier is a citizen of New Hampshire, that Securitas is a Delaware corporation with a principal place of business in New Jersey, and that Cadient is a Delaware limited liability company with a principal place of business in North Carolina. For purposes of diversity jurisdiction, a limited liability company such as Cadient is deemed to be a citizen of every state of which any of its members is a

citizen. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). The Revised Complaint, however, contains no information about the citizenship of Cadient's members. Accordingly, the court directed Cormier to file an affidavit of jurisdictional facts with the court. Specifically, the court instructed that the affidavit "shall relate the identities and citizenship of all of Cadient's members as of the date this action was filed," noted that "if any of Cadient's members is itself an unincorporated entity, then the citizenship of each of that entity's members or partners must also be determined," and observed that "merely stating that Cadient has no members that are citizens of New Hampshire will be insufficient." Doc. no. 25 at 2.

Cormier timely submitted his "Notice Regarding Compliance" in an effort to comply with the court's directions. Cormier's response refers the court to the affidavit of Attorney Steve Yoost, who is general counsel for a financial advisor for Cadient's owners and avers to knowledge of Cadient's ownership structure. In that affidavit, which was filed by Cadient, Attorney Yoost relates information about Cadient's ownership structure. Cadient asks that Attorney Yoost's affidavit be placed under seal because Cadient's ownership structure includes highly confidential business information that is subject to nondisclosure requirements. Cormier's counsel states that he has not reviewed Attorney Yoost's affidavit, which Cadient seeks to keep under seal at Level II.[1]

---

[1] A Level II seal prohibits anyone from viewing the filing except the filer and the court. See LR 83.12(b)(2).

While the court appreciates Cormier's and Attorney Yoost's efforts to unwind the multi-tiered and branching ownership structure of Cadient, Attorney Yoost's recitation of the relevant facts is insufficient to demonstrate that the court has subject-matter jurisdiction. Specifically, the citizenships and corporate nature of the members listed in Paragraph 7 of Attorney Yoost's affidavit are not sufficiently detailed. Because the entity discussed in Paragraph 7 is a partnership, the citizenships of <u>each</u> of its members (including limited partners)[2] must be determined, and if <u>any</u> of those members are themselves unincorporated entities, their members' citizenships must also be determined. Accordingly, the court needs to know whether each member is a person or business entity and, if a business entity, of what type (e.g., corporation, partnership, limited liability company, trust) in addition to the facts related to citizenship. See Champney v. Apple New Eng., LLC, No. 20-cv-397-LM, 2021 WL 2186435, at *1-*2 (D.N.H. May 28, 2021).

And, finally, a statement that no member or no members are residents (or citizens) of New Hampshire is <u>not</u> sufficient; a plaintiff must plead jurisdiction in the affirmative. D.B. Zwirn, 661 F.3d at 126.[3] This is because some persons and entities are considered "stateless" or are treated as "stateless," a status which

---

[2] Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

[3] To be clear, the Third Circuit's rule that citizenship may be pleaded in the negative does not apply in the First Circuit. Compare Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-07 (3d Cir. 2015) ("Thus, rather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege that the defendant is <u>not</u> a citizen of the plaintiff's state of citizenship."), with D.B. Zwirn, 661 F.3d at 126.

destroys diversity jurisdiction.  See id.; e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (discussing United States citizens who are domiciled abroad); Hometown Am., LLC v. StarNet Ins. Co., 2020 WL 5939539, at *3 (D. Mass. Oct. 7, 2020) (discussing entities that are alter egos or arms of a state). Thus, Attorney Yoost's note in Paragraph 7 that "none [of the members] are residents of New Hampshire" does not suffice.

## CONCLUSION

Cormier shall file a second affidavit of jurisdictional facts with the court that demonstrates the existence of diversity jurisdiction in this case no later than February 3, 2022.  Cormier may serve limited discovery requests on Cadient for the purpose of complying with this Order and the Order of November 18, 2021 (doc. no. 25).  See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006). Cadient shall comply with those requests.  Any failure to comply with appropriate jurisdictional discovery requests will result in sanctions, including but not limited to payment of Cormier's attorney fees and costs incurred.

Cadient's motion (doc. no. 29) to seal Attorney Yoost's declaration (doc. no. 28) is denied as moot.  Because the affidavit does not demonstrate the existence of jurisdiction and because the court is directing Cormier to produce a supplemental filing, there is no need to maintain Attorney Yoost's affidavit as a public record kept under seal.  Doc. no. 28 shall be stricken from the docket and the filing returned to Cadient.  See LR 83.12(d).

The second affidavit of jurisdictional facts may be filed under seal at Level I. See D.B. Zwirn, 661 F.3d at 126. The parties can enter a confidentiality agreement to protect any produced confidential information such that Cormier's counsel may see the material and evaluate its sufficiency for establishing jurisdiction and responsiveness to the relevant discovery request. While the court appreciates counsel's efforts to work together to resolve this issue, the court is disinclined to permit a procedure in which Cormier's counsel relies on Cadient's filings sight unseen.

Failure to comply with this order will result in dismissal of the case for failure to show subject-matter jurisdiction.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 3, 2022

cc:     Counsel of Record